UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

------------------------------
In re:                                                                    Case No.: 22-31746 KLT

    *Gary W. Atkinson*

    Debtor.
------------------------------

NOTICE OF HEARING AND MOTION TO DISMISS
CHAPTER 13 CASE AND REQUEST FOR A BAR TO REFILE
------------------------------

TO: All parties in interest pursuant to Local Rule 9013-3.

    1.    Gregory A. Burrell, Chapter 13 Trustee (the "trustee"), moves the court for the relief requested below and gives notice of hearing.

    2.    The court will hold a hearing on this motion at 10:30 a.m. on Thursday, December 15, 2022, in Courtroom 2C, Warren E. Burger Federal Building, 316 North Robert Street, St. Paul, Minnesota. Any response to this motion must be filed and served not later than December 9, 2022, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). *Unless a response opposing the motion is timely filed, the court may grant the motion without a hearing.*

    3.    This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The debtor filed the petition commencing this case on October 24, 2022. The case is now pending in this court.

    4.    This motion arises under 11 U.S.C. §§ 109 and 1307 and Bankruptcy Rule 1017. This motion is filed under Bankruptcy Rule 9014 and Local Rules 3015-3, 9006-1, 9013-1 through 9013-5, and such other Local Rules as may pertain. Movant requests an order dismissing this case.

    5.    The debtor is ineligible to be a debtor in this chapter 13 case under 11 U.S.C. § 109 (g)(2), which provides that:

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

\* \* \* \*

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g)(2).

6. The debtor was a debtor in a previous chapter 13 case, District of Minnesota, Case Number 18-32633 ("prior case'). In the prior case, Cenlar FSB, the servicer for the mortgage lender for the debtor's homestead property, filed a motion for relief from the automatic stay on November 10, 2021. *See* Dkt. No. 33, Case Number 18-32633. Cenlar FSB and the debtor mediated an agreed, stipulated order resolving the matter. *Id.* at ECF No. 48. That order was entered on March 25, 2022. *Id.* The debtor did not comply with the March 25, 2022, order and Cenlar FSB filed an affidavit of non-compliance on July 5, 2022. *Id.* at ECF No. 55. The court terminated the automatic stay as to Cenlar FSB in order to allow the servicer to exercise its non-bankruptcy rights as to the property on July 14, 2022. *Id.* ECF No. 56. The debtor filed a voluntary application to dismiss that case on October 18, 2022. *Id.* at ECF No. 77. The court dismissed that case on October 18, 2022. *Id.* at ECF No. 78. The debtor filed this case on October 24, 2022. *See* Dkt. No. 1, Case Number 22-41730.

7. The debtor's chapter 13 plan does not provide for any treatment of the mortgage claim. Dkt. Case No. 22-31746, at ECF No. 15. The debtor is seeking to litigate those matters against the mortgage claimant in a state court proceeding commenced on October 19, 2022, as evidenced by the exhibits attached to the debtor's motion to extend the automatic stay. *Id.* at 10.

8. The purpose of § 109(g) is to provide the court with greater authority to control abusive multiple filings. *In re Sole,* 233 B.R. 347 (Bankr.E.D.Va. 1998) *citing* S.Rep. No. 65, 98th Cong. 1st Sess. 74 (1983). The statutory language is clear under the mandatory approach of § 109(g)(2): if the court grants a debtor's request for dismissal after a creditor files a motion for relief from the automatic stay, the debtor is ineligible to be a debtor in bankruptcy for the next 180 days.

9. The debtor in this case waited six days after dismissal of his previous case and he is ineligible to be a debtor under §109(g). *See also In re Bigalk,* 813 F.2d 189, 190 (8th Cir. 1987)("The language of sections 109(f) and 349(a) is clear. Because it was submitted within 180 days of the voluntary dismissal of the January 21, 1986, Chapter 13 petition, Bigalk's June 5, 1986, petition should not have been accepted for filing, and the bankruptcy court properly dismissed it."); *In re Andersson*, 209 B.R. 76, 78 (B.A.P. 6th Cir.)(Stating that "[t]he text of § 109(g)(2) unambiguously states" when rejected a discretionary approach to § 109").

10. Although there has been some dispute as to whether dismissal is mandatory under § 109(g), this case should also be dismissed under the causal connection theory followed by courts in other jurisdictions. The movant, or its successor in interest, in the stay relief motion in the prior case is the identical creditor that was identified in the debtor's motion to extend the automatic stay and the identical creditor in which the debtor has sued in state court one day after the prior case was dismissed. *Supra*, at ¶ 5. It is clear that the debtor's prior dismissal was directly connected to the prior stay relief motion. *See In re Copman* 161 B.R. 821, 823 (Bankr.

E.D. Mo. 1993). The trustee requests an order barring the debtor from refiling for bankruptcy relief for 180 days from the date of an order granting the trustee's motion to dismiss. *In re Roland*, 224 B.R. 401, 404-405 (Bankr. E.D. Mo. 1997).

11. The trustee relies on the court filings in the bankruptcy court, the sworn schedules on file with the bankruptcy court, and the record herein.

12. If necessary, the debtor and/or an employee of the trustee may be called to testify in support of this motion.

13. A separate memorandum is not submitted pursuant to Local Rule 9013-5.

WHEREFORE, the trustee requests an order dismissing this case.

Gregory A. Burrell, Chapter 13 Trustee

Dated: November 18, 2022

Signed: /e/ *Heather M. Forrest*
Jeffrey M. Bruzek, ID # 319260
Heather M. Forrest, ID # 398764
Counsel for Chapter 13 Trustee
Fifth Street Towers
100 South Fifth Street, Ste. 480
Minneapolis, MN 55402
Email: hmf@ch13mn.com
Tel. (612) 338-7591

## VERIFICATION

I, Heather M. Forrest, employed by the Chapter 13 Trustee, the movant named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct.

Executed on: November 18, 2022

Signed: /e/ Heather M. Forrest

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

```
-----------------------------
```
In re:                                                                                          Case No.: 22-31746 KLT

    *Gary W. Atkinson*

        Debtor.
```
-----------------------------
```

UNSWORN DECLARATION FOR PROOF OF SERVICE

    The undersigned, employed by Gregory A. Burrell, Chapter 13 Trustee, declares that on November 18, 2022, I caused to be served the Motion to Dismiss and proposed Order on all Filing Users by electronic mail and on the individual(s) listed below, in the manner described:

<u>By first class U.S. mail, postage prepaid via certificateofservice.com:</u>

    Gary Atkinson
    7800 Somerset Road
    Woodbury, MN 55125

By email to garyatkinson500@gmailcom

    And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed:  November 18, 2022                                    /e/ *Heather M. Forrest*
                                                                                                  Heather M. Forrest

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

------------------------------

In re:  Case No.: 22-31746 KLT

    *Gary W. Atkinson*

    Debtor.

------------------------------

## ORDER

At St. Paul, Minnesota.

This case came before the undersigned on Gregory A. Burrell, Chapter 13 Trustee's Motion to Dismiss and a request for a bar to refile.

Upon the verified motion and all of the files, records and proceedings herein,

IT IS ORDERED:

1. The case is dismissed.

2. The debtor is barred from refiling for any bankruptcy relief, anywhere in the United States of America, for a period of 180 days from the date of this order.

3. Any petition or similar filings received from the debtor by the Clerk's Office will not be accepted and will be returned to the debtor for 180 days from the date of this order; and

4. No order for relief will be entered in favor of the debtor for 180 days from the date of this order.

Dated:_____      _____
    Kesha L. Tanabe
    United States Bankruptcy Judge