## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                    Bankr. No. 22-31746 KLT

Gary Ward Atkinson,

           Debtor.                                      Chapter 13

## MEMORANDUM DECISION AND ORDER

This matter came before the Court on a Motion to Dismiss Chapter 13 Case and Request for a Bar to Refile (the "Motion") [ECF No. 28], filed by the chapter 13 trustee (the "Trustee"). For the reasons stated herein, the Motion is granted.

This is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334. Rudd v. Laughlin, 866 F.2d 1040 (8th Cir. 1989); In re Hedquist, 342 B.R. 295, 298–99 (B.A.P. 8th Cir. 2006). This memorandum decision is based on all the information available to the Court and constitutes the Court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052, made applicable to this contested matter by Fed. R. Bankr. P. 9014(c).

### BACKGROUND

Debtor had six bankruptcy cases prior to filing this Case, including four chapter 13 cases dismissed in the last ten years.[1] In Debtor's penultimate case (the

---

[1] Minn. Bankr. Case Nos. 92-32296 (ch. 7), 04-36197 (ch. 7), 12-34476 (ch. 13, dismissed), 16-31483 (ch. 13, dismissed), 17-31660 (ch. 13, dismissed), 18-32633 (ch. 13, dismissed).

"Prior Case"),[2] the Court entered an order granting stay relief to a mortgage creditor on July 14, 2022. [Prior Case, ECF Nos. 33, 56.] Debtor proceeded pro se thereafter. He filed an affidavit and several letters contesting the validity of the mortgage and the mortgage creditor's right to foreclose on the Debtor's homestead. [Id., ECF Nos. 58, 64, 65, 69]. When these efforts were unavailing, Debtor filed an application to voluntarily dismiss the Prior Case, which the Court granted on October 18, 2022.

One day later, Debtor filed an action in a Minnesota state-court, raising the same challenges to the validity of the mortgage and the mortgage creditor's right to foreclose. [ECF No. 10 at 2, ¶ 4, 5–21.] See also, Atkinson v. U.S. Bank, Case No. 82-CV-22-4721 (the "State Proceeding"), Index No. 1 (Minn. Dist. Ct. Oct. 19, 2022).[3] On October 21, 2022, the State Court denied Debtor's motion for a preliminary injunction to prevent a sheriff's sale from going forward. State Proceeding, Index Nos. 3 (Oct. 19, 2022), 7 (Oct. 21, 2022).

Debtor then switched back to Bankruptcy Court. One day before a sheriff's sale, on October 24, 2022, he commenced this bankruptcy case, invoked the automatic stay, and made a last-ditch effort to thwart the foreclosure. [ECF No. 1.] Shortly thereafter, the Trustee moved to dismiss. [ECF No. 28.]

---

[2] Bankr. No. 18-32633.

[3] Filings in the State Proceeding are available through Minnesota Court Records Online at https://publicaccess.courts.state.mn.us/CaseSearch. The Court may take judicial notice of public state-court records. Germain Real Estate Co., LLC v. HCH Toyota, LLC, 778 F.3d 692, 695 (8th Cir. 2015); Powell v. Lariva, 2018 WL 2170337 at *2 n.1 (D. Minn. Apr. 13, 2018).

**DISCUSSION**

**I.    Debtor is not eligible to be a debtor pursuant to 11 U.S.C. § 109(g).**

Mr. Atkinson has engaged in a course of conduct vis-à-vis his mortgage creditor that is expressly barred by the Code. In 1984, Congress amended 11 U.S.C. § 109 to state:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
>
> . . .
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g). Again, the plain language of the Code bars this sequence of events, and thus Debtor is not presently eligible to be a debtor under any chapter of the Code: (1) he requested and obtained voluntary dismissal of the Prior Case; (2) the dismissal occurred after a creditor requested and obtained relief from the automatic stay; and (3) he filed the petition in this Case less than 180 days after the Previous Case was dismissed. The plain language of § 109(g) and binding, per curium Eighth Circuit precedent in In re Bigalk, 813 F.2d 189 (8th Cir. 1987), require dismissal in this case.

This Court interprets § 109(g)(2) as mandatory. Some courts have read an exception into the strict-mandatory interpretation. See, e.g., In re Ulmer, 19 F.3d 234, 236 n.9 (5th Cir. 1994); In re Luna, 122 B.R. 575 (B.A.P. 9th Cir. 1991); In re Evansingston, 608 B.R. 210 (Bankr. E.D. Ark. 2019); In re Copman, 161 B.R. 821 (Bankr. E.D. Mo. 1993). This Court disagrees. Accord Bigalk, 813 F.2d at 190; In re

3

<u>La Granja 240, L.P.</u>, 636 B.R. 801, 804 (Bankr. C.D. Cal. 2022) (adopting this "majority" view); <u>In re Bussell</u>, 626 B.R. 891 (E.D. Mich. 2021); <u>In re Riekena</u>, 456 B.R. 365 (Bankr. C.D. Ill. 2011); <u>In re Anderson</u>, 209 B.R. 76 (B.A.P. 6th Cir. 1997).

Congress added the eligibility restriction to what is now § 109(g)(2) to curb precisely this type of conduct by repeat filers. 130 Cong. Rec. S8891, 20088 (daily ed. June 29, 1984) (statement of S. Hatch), <u>reprinted in</u> 1984 U.S.C.C.A.N. 576, 598. If Congress wanted the Court to consider particular facts or exercise discretion with respect to the eligibility restriction in § 109(g)(2), it could have added a different standard. For example, in § 362(c)(3)(C), repeat-filers must overcome a rebuttable presumption with respect to the automatic stay:

> [Creating a presumption of filing without good faith] as to any creditor that commenced an action [for relief from stay] in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor. . . .

§ 362(c)(3)(C)(ii). By contrast, the eligibility exclusion in § 109(g)(2) is based strictly on the temporal sequence of specified events. Diverting from a plain-language approach to § 109(g)(2) would contradict the intent of this statute.

## II. The 180-day bar is tolled, and the automatic stay is annulled.

"Although § 109(g)(2) is silent on the issue, [it is] the general rule that the pendency of a wrongfully filed petition during the 180 days tolls that period to prevent the debtor from wrongly benefiting from the automatic stay." <u>In re Beal</u>, 347 B.R. 87, 89 (Bankr. E.D. Wis. 2006). Accordingly, it is appropriate to extend the bar to any future bankruptcies to 180 days from the date of this Order.

4

Additionally, because the automatic stay went into effect upon the commencement of this Case even though Debtor was not entitled to relief under the Bankruptcy Code, see In re Zarnel, 619 F.3d 156 (2d Cir. 2010) (discussing the effect of filing a bankruptcy petition by an ineligible person), it is appropriate to annul the automatic stay to further limit any undue prejudice to creditors or improper advantage to Debtor. See 11 U.S.C. §§ 105 (authorizing the Court to issue orders appropriate to carry out the provisions of the Code), 362(d)(1) (authorizing the Court to annul the automatic stay for cause).

## CONCLUSION

Bankruptcy provides a fresh start for the "honest but unfortunate debtor," but this relief is not available to debtors who abuse the Bankruptcy Code. Marrama v. Citizens Bank of Mass., 549 U.S. 365, 374 (2007). The debtor eligibility restriction set forth in § 109(2)(2) is mandatory. This Court will not contravene the plain language of the statute, nor will it subvert the intent of Congress to balance the respective rights of debtors and creditors in repeat-filer cases.

Accordingly, IT IS ORDERED:

1.  The automatic stay is annulled;

2.  The Case is dismissed;

3.  Debtor is barred from refiling for any bankruptcy relief, anywhere in the
    United States, for a period of 180 days from the date of this Order;

4.  Any petition or similar filings received from Debtor by the Clerk's Office will
    not be accepted and will be returned to Debtor for 180 days from the date of
    this Order; and

5.  No order for relief will be entered in favor of Debtor for 180 days from the
    date of this Order.

DATED: *December 15, 2022*                    */e/Kesha L. Tanabe*
                                              _____
                                              Kesha L. Tanabe
                                              United States Bankruptcy Judge